UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANAMELIA WRIGHT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>T-MOBILE USA INC.,<br><br>Defendant. | No.<br><br>CLASS ACTION COMPLAINT<br><br><u>JURY TRIAL DEMANDED</u> |

## I. INTRODUCTION

Plaintiff Anamelia Wright ("Plaintiff"), individually and on behalf of all others similarly situated, bring this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, against Defendant T-Mobile USA Inc. ("T-Mobile" or "Defendant").

## II. NATURE OF ACTION

1. Telemarketing calls are intrusive. "A great many people object to these calls and messages, which interfere with their lives, tie up their phone lines, and cause confusion and

CLASS ACTION COMPLAINT - 1

1 disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers,' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms,' *id.* § 2(9)." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649 (4th Cir. 2019).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…[P]rivate suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer,* 925 F.3d at 649-50.

CLASS ACTION COMPLAINT - 2

3. Plaintiff brings this action to enforce the consumer-privacy provisions of the TCPA, alleging that the T-Mobile violated the TCPA by making telemarketing calls to Plaintiff and other putative class members listed on the National Do Not Call Registry without their written consent.

4. Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, Plaintiff brings this action on behalf of two proposed nationwide classes of other persons who received illegal telemarketing calls from, or on behalf of, Defendant.

5. A class action is the best means of obtaining redress for Defendant's wide-scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

### III. JURISDICTION AND VENUE

6. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the TCPA. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

7. This Court has general personal jurisdiction over T-Mobile because their principal place of business is in this District.

8. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District, as the telemarketing calls at issue were made from and into this District.

### IV. PARTIES

9. Plaintiff Anamelia Wright is an individual that is located in Clark County, Nevada.

CLASS ACTION COMPLAINT - 3

1       10.     Defendant T-Mobile USA Inc. is a corporation based in this District.

## V. TCPA BACKGROUND

11. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

12. The TCPA also prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

13. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

14. A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

15. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## VI. FACTUAL ALLEGATIONS

16. Plaintiff is, and at all times mentioned herein was, a "person" as the term is

defined by 47 U.S.C. § 153(39).

17. Plaintiff's residential telephone number is 775-544-XXXX.

18. Plaintiff acquired her telephone number in November 2023.

19. Immediately after acquiring her telephone number, Plaintiff personally listed it on the National Do Not Call Registry in November 2023, and has not removed it from the Registry since that time.

20. Plaintiff uses her telephone number for personal, residential, and household purposes. For example, she uses her number primarily to communicate with friends and family, and also to schedule personal appointments and for other household purposes.

21. Plaintiff's telephone number is not associated with a business. Specifically, Plaintiff's number has not been used for a business or in marketing materials for a business.

22. Plaintiff is not a customer of Defendant.

23. At no point has Plaintiff sought out or solicited information regarding Defendant's products or services.

24. Plaintiff has never consented to receive calls or text messages from Defendant.

25. Despite this, Defendant repeatedly sent Plaintiff text message solicitations in August and September of 2025.

\\

\\

\\

\\

\\

\\

26. Some of the text messages are below:





27. The text messages Plaintiff received originated from a marketing campaign operated under the Mint Mobile brand. Each message identified "Mint Mobile" as the sender and contained marketing content promoting Mint Mobile's cellular service plans

28. The messages contained hyperlinks with the "mintmobile.com" domain (e.g., https://sms.mintmobile.com/LzoDr/og5iO9), which direct consumers to Mint Mobile's official

CLASS ACTION COMPLAINT - 7

website for purposes of purchasing Mint Mobile products and services. These links confirm that the purpose of the messages was commercial solicitation by or on behalf of Mint Mobile.

29. At no time did Plaintiff have a customer relationship with Mint Mobile or provide any form of express written consent to receive telemarketing text messages from Mint Mobile or any of its affiliates.

30. Defendant T-Mobile USA Inc. is the owner and operator of the Mint Mobile brand. In May 2023, T-Mobile completed its acquisition of Ka'ena Corporation, the parent company of Mint Mobile and Ultra Mobile, and integrated Mint Mobile into its corporate structure and business operations.

31. Following the acquisition, T-Mobile assumed full ownership and operational control of Mint Mobile. T-Mobile now provides the wireless network, infrastructure, and billing systems used by Mint Mobile customers, and T-Mobile derives direct revenue from Mint Mobile's subscriber base.

32. Upon information and belief, T-Mobile controls Mint Mobile's marketing, including text message campaigns promoting Mint Mobile services. As such, T-Mobile directed, approved, and implemented the text message marketing campaign described herein as part of its unified retail strategy.

33. T-Mobile publicly represents that Mint Mobile is "part of T-Mobile" and that Mint Mobile's services operate entirely on the T-Mobile network.

34. T-Mobile uses the Mint Mobile brand to attract additional wireless subscribers under its ownership and to market its own network services to new consumers.

35. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. Plaintiff and the Class members were also harmed by use of their telephone power and network bandwidth and the intrusion on their telephone that occupied it from receiving legitimate communications.

## VII. CLASS ACTION ALLEGATIONS

36. As authorized by Rule 23(b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of Class of all other persons or entities similarly situated throughout the United States.

37. The Class of persons Plaintiff propose to represent are tentatively defined as:

> **National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of the Defendant (3) within a 12-month period, (4) but were not customers of the Defendant; (5) from four years prior the filing of the Complaint.

38. Excluded from the Class are the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant' agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

39. The Class as defined above are identifiable through phone records and phone number databases that will be obtained through discovery.

40. The potential class members number is likely hundreds since telemarketing campaigns make calls to tens or hundreds of individuals each day. Individual joinder of these persons is impracticable.

41. Plaintiff is a member of the Class.

CLASS ACTION COMPLAINT - 9

42. There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

    a. Whether the calls were placed without obtaining the recipients' prior consent for the call; and

    b. Whether Plaintiff and the class members are entitled to statutory damages because of the Defendant' actions.

43. Plaintiff's claims are typical of the claims of class members. Plaintiff's claims, like the claims of the Class, arise out of the same common course of conduct by the Defendant and are based on the same legal and remedial theories.

44. Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class, she will fairly and adequately protect the interests of the Class, and she is represented by counsel skilled and experienced in class actions, including TCPA class actions.

45. In fact, the Plaintiff has foregone a simpler path to recovery by filing this matter as a putative class action, as opposed to an individual claim.

46. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

47. The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case, and given the small recoveries available through individual actions.

## VIII.  LEGAL CLAIMS

### COUNT I
### Telephone Consumer Protection Act
### (Violations of 47 U.S.C. § 227)
### (On Behalf of Plaintiff and the National Do Not Call Registry Class)

48. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

49. The foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the members of the Class despite their numbers being on the National Do Not Call Registry.

50. The Defendant's violations were negligent, willful, or knowing.

51. As a result of Defendant' and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

52. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant from making telemarketing calls (whether directly or via agents) to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as a representative of the Class;

C. Appointment of the undersigned counsel as counsel for the Class;

D. A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E. An award to Plaintiff and the Class of damages, as allowed by law; and

F. Orders granting such other and further relief as the Court deems necessary, just, and proper.

G. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant from making telemarketing calls (whether directly of via agents) to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

*[Counsel signature block to follow on next page.]*

CLASS ACTION COMPLAINT - 12

RESPECTFULLY SUBMITTED AND DATED this 13th day of November, 2025.

/s/ Samuel J. Strauss
Samuel J. Strauss, WSBA No. #46971
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago IL, 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
sam@straussborrelli.com
cmiller@strassborrelli.com

Anthony Paronich
(*pro hac vice anticipated*)
**PARONICH LAW PC**
350 Lincoln St. Suite 2400
Hingham, MA 02043
anthony@paronichlaw.com
Telephone: (617) 485-0018

*Attorneys for Plaintiff*

CLASS ACTION COMPLAINT - 13